IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WASFI SHUAIB, | ) |
| | ) |
| Plaintiff, | ) FILED |
| | ) March 12, 2008   TG |
| v. | ) 08cv1488 |
| | ) JUDGE ST. EVE |
| MAYWOOD PARK TROTTING | ) MAGISTRATE JUDGE MASON |
| ASSOCIATION, INC., | ) |
| | )   **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## COMPLAINT

The Plaintiff, Wasfi Shuaib, through his attorneys for his Complaint against Maybrook Park Trotting Association, states as follows:

### NATURE OF THE CASE

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL"), and Illinois Wage Payment Collection Act, 820 ILCS 115/1-16 ("IWPCA").  Plaintiff's claims stem from the Defendant's failure to pay overtime wages to Plaintiff when he worked over forty (40) hours per week, the Defendant's failure to pay Plaintiff for all hours he worked for Defendant, and the Defendant's failure to pay Plaintiff for used and unused vacation time, when it was obligated to do so.

## THE PARTIES

2.      The Plaintiff, Wasfi Shuaib, resides in and is domiciled in this judicial district.

3.      The Defendant, Maywood Park Trotting Association, Inc., is an Illinois Corporation with its headquarters and principle place of business in this judicial district.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 arising under 29 U.S.C. § 216(b).  This Court has pendant jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.  Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this district.

## FACTS

5.      From approximately August 2001 through approximately October 1, 2007, the Plaintiff, Wasfi Shuaib (hereafter "Plaintiff"), was employed as clerk in the gift shop owned and operated by the Defendant, Maywood Park Trotting Association, Inc. (hereafter "Defendant") at the Maywood Park Racetrack located at 8600 W. North Avenue, Melrose Park, Illinois.

6.      During Plaintiffs employment with Defendant, Plaintiff's worked as a clerk in Defendant's gift shop.

7.      During his employment with Defendant, Plaintiff would typically work more than forty (40) hours per week. Defendant never compensated Plaintiff at a rate of one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) hours in his individual workweeks.

8.      For the at least three years leading up to his discharge, Defendant would deduct hours that Plaintiff worked from his paycheck on a weekly basis and not compensate him for

those hours.  Defendant claimed that these deductions were made for breaks.  However, when Plaintiff worked for Defendant, Plaintiff was not able to take breaks, even for lunch, as Plaintiff was the only employee working in the gift shop.

9. From approximately August 2001 through the end of 2005, Plaintiff received two (2) weeks of paid vacation each year from Defendant.  In 2006 and 2007, Defendant failed to pay Plaintiff the two weeks paid vacation time that it owed him.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

10. Plaintiff hereby realleges and incorporates paragraphs 1 through 9.

11. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for its failure to pay overtime wages to Plaintiff for all hours worked.

12. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. § 216(b) and venue is proper in this judicial district.

13. Plaintiff worked for Defendant as an "employee" of Defendant as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

14. Defendant operates a gift shop within the Maywood Park Racetrack located at 8600 W. North Avenue, Melrose Park, Illinois.  Defendant's gift shop and racetrack is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an "enterprise" engaged in commerce or in production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).  Defendant is an "employer" subject to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

15. Defendant's annual gross volume of sales made or business done exceeds $500,000 exclusive of excise tax.

16. During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

17. Plaintiff was directed by Defendant to work, and did so work, in excess of forty (40) hours per week.

18. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his normal hourly rate of pay.

19. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) hours in his individual workweeks.

20. Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

21. Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week for the previous three years;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorneys' fees and costs;

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

22.      Plaintiff hereby realleges and incorporates paragraphs 1 through 20 of this Complaint.

23.      This Court has supplemental jurisdiction over the matters alleged in this Count pursuant to 28 U.S.C. § 1367.

24.      The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

25.      At all relevant times herein, Defendant was an "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was an "employee" within the meaning of the Act.

26.      Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

27.      Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

28.     Pursuant to 820 ILCS 105/12(a), Plaintiff was entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.   A judgment in the amount of one and one-half times the hourly wage for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.   Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.   Reasonable attorneys' fees and costs;

D.   Such other relief as this Court deems just and appropriate.

## COUNT III
### Illinois Wage Payment Collection Act - Unpaid Wages and Vacation Time

29.     Plaintiff hereby realleges and incorporates paragraphs 1 through 28 of this Complaint.

30.     This Court has supplemental jurisdiction over the matters alleged in this Count pursuant to 28 U.S.C. § 1367.

31.     The matters set forth in this Count arise from Defendant's violations of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*.

32.     At all times relevant times herein, Defendant was an "employer" as defined in the Illinois Wage Payment Collection Act, 820 ILCS 115/1, *et seq.*, and Plaintiff was an "employee" as defined by the Act.

33.     Defendant agreed to compensate Plaintiff for his work at a rate agreed to by the parties.

34. Defendant failed to compensate Plaintiff for all hours he worked for Defendant at the rate agreed to by the parties in violation of the Illinois Wage Payment Collection Act.

35. Defendant violated the Illinois Wage Payment Collection Act by making unlawful deductions from Plaintiff's paychecks and by failing to compensate Plaintiff for all the hours he worked for Defendant at the rate agreed to by the parties.

36. Between 2001 and the end of 2005, during Plaintiff's employment with Defendant, Plaintiff was promised and was given two (2) weeks of paid vacation time each year. It was Defendant's policy to give Plaintiff two weeks paid vacation each year.

37. In 2006 and 2007, Plaintiff was denied two weeks paid vacation time by Defendant. As a result, during 2006 Plaintiff took two weeks vacation but was not paid for this time. In 2007, Plaintiff was not paid for the vacation time to which he was entitled.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Wage Payment Collection Act;

B. Compensation for all vacation time due and owed as provided by the Illinois Wage Payment Collection Act;

C. Prejudgment interest on all back wages and unpaid vacation time as provided under 815 ILCS 205/2;

D. Reasonable attorneys' fees and costs;

E. Such other relief as this Court deems just and appropriate.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL CLAIMS.

                                    Respectfully submitted,

                                    **s/ Robert R. Cohen**
                                    Plaintiff's Attorney

Robert R. Cohen
Matthew D. Lango
Frankel & Cohen
77 W. Washington St., Suite 1720
Chicago, Illinois 60602
(312) 759-9600

Date: March 12, 2008