IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WASFI SHUAIB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08 C 1488 |
| v. ) | |
| ) | Judge St. Eve |
| MAYWOOD PARK TROTTING ) | Magistrate Judge Mason |
| ASSOCIATION, INC., ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

**PARTIES' JOINT INITIAL STATUS REPORT**

The Plaintiff and Defendant submit the following joint initial report of the status of this case:

**1.　　Nature of the Case:**

A.　　The attorneys of record for Plaintiff are Robert Cohen (lead attorney) and Matthew Lango of Frankel & Cohen, 77 W. Washington St., Suite 1720, Chicago, Illinois 60602. The attorney of record for Defendant is David Nani (lead attorney) of Kralovec & Marquard, Chtd., 55 W. Monroe, Suite 1000, Chicago, Illinois 60603.

B.　　The basis for federal jurisdiction over Plaintiff's Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA) claims is 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). The basis for pendant federal jurisdiction over Plaintiff's state law claims is 28 U.S.C. § 1367.

C.　　Plaintiff alleges that Defendant violated the FLSA and the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. (IMWL) when it failed to pay him overtime when he worked over 40 hours per week. Plaintiff also alleges that Defendant violated the Illinois Wage Payment Collection Act, 820 ILCS 115/1-16, (IWPCA) when it failed to pay him for all hours that he worked and to provide him with paid vacation.

D. The major factual issues in the case are (1) the number of hours Plaintiff worked over forty hours per week during the relevant time period; (2) the number of hours Plaintiff worked for which he was not paid at all; and (3) the amount of vacation pay to which Plaintiff is entitled. Defendant denies that it withheld overtime and vacation pay, as claimed by Plaintiff.

E. The relief sought by Plaintiff is all overtime pay Plaintiff was not paid for the 3 year period prior to the filing of the complaint; liquidated damages in an amount equal to the amount of unpaid overtime compensation found due (on Plaintiff's FLSA claim); punitive damages on the amount of unpaid overtime compensation found due pursuant to the formula set forth in 820 ILCS 105/12(a) (on Plaintiff's IMWL claim); all back wages due for hours worked for which Plaintiff was not paid; all vacation pay for the last two years which he was not paid; reasonable attorney's fees and costs; prejudgment and postjudgment interest on all damages; and all other relief as the Court deems just and appropriate. Plaintiff will not be able to calculate the amounts due without discovery.

**2.    Pending Motions and Case Plan.**

A. There are no pending motions at this time.

However, on March 12, 2008, Plaintiff filed a charge of discrimination against Defendant that is pending in the EEOC. Plaintiff may seek leave to file an amended complaint to add one or more of the claims in his EEOC charge to his complaint in this case.

In addition, although Defendant has not filed a motion to dismiss or stay these proceedings, Defendant indents to file such a motion in the very near future based upon Defendant's contention that this litigation is duplicitave of the charge currently pending before the EEOC.

B. Proposed discovery plan:

As set forth below, the parties are trying to schedule a mediation with respect to Plaintiff's EEOC charge with the EEOC's mediation program. The parties hope to resolve all differences between the parties at the mediation before having to conduct discovery. At this time, the EEOC has indicated that a mediation cannot be scheduled until June 2008. Thus, the parties suggest that following discovery schedule:

    A. Written discovery in the form of interrogatories and document requests and oral depositions.

    B. Rule 26(a)(1) disclosures shall be served on or before June 30, 2008.

    D. Fact discovery shall be completed by September 30, 2008;

    D. The parties do not contemplate expert discovery at this time.

    E. Dispositive motions shall be filed on or before October 30, 2008;

    F. The final pretrial order shall be filed on or before March 2, 2009;

C. With respect to trial:

    A. A jury trial is requested;

    B. The probable length of trial is 3 days;

    C. The case will be ready for trial on April 7, 2009.

**3. The parties do not consent to proceed before a Magistrate Judge at this time;**

**4. Status of Settlement Discussions:**

    A. The parties have begun settlement discussions.

    B. Plaintiff has made a settlement demand. The parties are trying to schedule a mediation relating to Plaintiff's charge of discrimination pending before the EEOC with the EEOC's mediation program. The parties will attempt to resolve this case at that medication.

    C. The parties do not request a settlement conference at this time.

Date: April 16, 2008

Respectfully submitted,

| WASFI SHUAIB | MAYWOOD PARK TROTTING ASSOC., INC. |
|---|---|
| By: **s/ Robert R. Cohen**<br>   One of his Attorneys | By: **s/ David T. Nani**<br>   One of their Attorneys |
| Robert Cohen<br>Matthew Lango<br>Frankel & Cohen<br>77 West Washington St., Ste. 1720<br>Chicago, IL 60602<br>(312) 759-9600 | David T. Nani<br>Kralovec & Marquard, Chtd.<br>55 W. Monroe, Ste. 1000<br>Chicago, IL 60603<br>(312) 346-6027 |

4