Our File: DN-97024

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WASFI SHUAIB, | ) | |
| | ) | |
| Plaintiff, | ) | No.  08 CV 1488 |
| | ) | |
| v. | ) | Judge St. Eve |
| | ) | |
| MAYWOOD PARK TROTTING ASSOCIATION, INC., | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS OR STAY**

Now comes the Defendant, MAYWOOD PARK TROTTING ASSOCIATION, INC. (Maywood), by its attorneys, David T. Nani, James F. Donovan and KRALOVEC & MARQUARD, CHARTERED and moves this Honorable Court for an order dismissing or staying the subject action while Plaintiff's current pending Charge before the Equal Employment Opportunity Commission is litigated.  As grounds for this motion, the Defendant states as follows:

1. That Plaintiff has filed in this Court his Complaint, which is attached hereto as Exhibit A.  Said Complaint alleges that Plaintiff has claims stemming from Defendant's alleged failure to pay overtime wages to Plaintiff, the Defendant's alleged failure to pay Plaintiff for all hours worked, and the Defendant's alleged failure to pay the Plaintiff for used and unused vacation time.

Defendant has filed its appearance in this case and is moving to stay or dismiss this matter in lieu of an answer.

Plaintiff currently has pending a Discrimination Charge before the Equal Employment Opportunity Commission (EEOC), which is attached hereto as Exhibit B. Said Charge alleges that the Plaintiff was allegedly subject to discrimination with respect to his compensation because Respondent (Maywood) allegedly did not pay him overtime, allegedly did not pay him for all hours worked and allegedly did not pay him for vacation time. Further, the EEOC Charge also alleges that the Plaintiff was discriminated against on the basis of race and national origin.

2. It is thus clear that the EEOC Charge includes the same essential claim that the Plaintiff brings here. The EEOC Charge, however, also includes allegations of discrimination which are not alleged in the instant Complaint.

3. The Federal Courts have exhibited a policy in favor of avoiding piecemeal adjudication. Lumen Const. Inc. v. Brant Const. Co. Inc., 780 F. 2d 691, 693; Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L. Ed. 2nd 483 (1976).

As stated in Lumen, "(w)hen a case proceeds on parallel tracks in State and Federal Court, the threat to efficient adjudication is self-evident. A judicial economy is not the only value that is placed in jeopardy. Legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gainsmanship or that result in conflicting adjudications." Lumen, 780 F. 2d at 694. The Lumen Court also noted that the United States Supreme Court has identified at least four additional factors to be weighed in determining whether dismissal, stay or abstention is appropriate by the Federal Court: (1) the source of the governing law, state or federal; (2) the adequacy of the state court action to protect the federal Plaintiff's rights; (3) the relative progress of the state and federal proceedings and (4) the presence or absence of concurrent jurisdiction.

2

In Lumen, a construction contract dispute led to the filing of contract and discrimination related claims both in the Indiana State Court and in the Federal District Court in Indiana. The Federal District Court granted Defendant's motion to dismiss the federal action. The Lumen Court held that, rather than engage in piecemeal adjudication, the Federal District Court below found that the doctrine of Colorado River Water Conservation Dist., supra, counseled in favor of a dismissal. The District Court observed that dismissal would not burden the parties since the Federal Court litigation had not "moved forward substantially." Lumen, 780 F. 2d at 693.

The Seventh Circuit upheld that both the Federal and State litigation should not pend simultaneously. It held, however, that a stay of the federal court case, rather than dismissal, was the appropriate remedy, to insure that the federal court can retain jurisdiction in case the state court action does not meet its anticipated end. Lumen at 698. The Seventh Circuit in Lumen made particular note of the fact that the state court proceeding had progressed considerably further than the federal case which had not moved forward substantially. Lumen at 696. See also Colorado River Water Conservation Dist. v. United States. Where the court held that wise judicial administration, given regard to conservation of judicial resources and comprehensive disposition of litigation, supported the dismissal of a federal action in favor of the state court action in a Colorado water dispute proceeding. Colorado River Water Conservation Dist., 96 S. Ct. at 1246.

The Plaintiff's pending EEOC Charge is broader in terms of its allegations than the pending federal court action. Wise judicial administration giving regard to the need to conserve judicial resources supports the dismissal, or at least the stay, of the federal court case while the EEOC action is litigated. Further, this Federal Court action has only just been filed and has not progressed significantly.

WHEREFORE, Defendant, MAYWOOD PARK TROTTING ASSOCIATION, INC., prays for an order to dismiss, or at least stay, this action for the above reasons.

KRALOVEC & MARQUARD, CHARTERED

_____
David T. Nani

KRALOVEC & MARQUARD, CHARTERED
55 West Monroe Street
Suite 1000
Chicago, Illinois 60603
(312) 346-6027

## CERTIFICATE OF SERVICE

    I, David T. Nani, an attorney, hereby certify that I have caused a true and correct copy of the above and foregoing Motion to Dismiss or Stay to be sent via electronic filing delivery this 5th day of May, 2008 to:

Robert R. Cohen  
Matthew D. Lango  
Frankel & Cohen  
77 West Washington Street  
Suite 1720  
Chicago, Illinois 60602  

                                      s/David T. Nani  
                                      David T. Nani

# *EXHIBIT A*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WASFI SHUAIB,                              )
                                           )
             Plaintiff,                    )   FILED
                                           )   March 12, 2008   TG
     v.                                    )   08cv1488
                                           )   JUDGE ST. EVE
MAYWOOD PARK TROTTING                      )   MAGISTRATE JUDGE MASON
ASSOCIATION, INC.,                         )
                                           )   JURY TRIAL DEMANDED
             Defendant.                    )

## COMPLAINT

The Plaintiff, Wasfi Shuaib, through his attorneys for his Complaint against Maybrook Park Trotting Association, states as follows:

## NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL"), and Illinois Wage Payment Collection Act, 820 ILCS 115/1-16 ("IWPCA"). Plaintiff's claims stem from the Defendant's failure to pay overtime wages to Plaintiff when he worked over forty (40) hours per week, the Defendant's failure to pay Plaintiff for all hours he worked for Defendant, and the Defendant's failure to pay Plaintiff for used and unused vacation time, when it was obligated to do so.

## THE PARTIES

2. The Plaintiff, Wasfi Shuaib, resides in and is domiciled in this judicial district.

3. The Defendant, Maywood Park Trotting Association, Inc., is an Illinois Corporation with its headquarters and principle place of business in this judicial district.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 arising under 29 U.S.C. § 216(b). This Court has pendant jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367. Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this district.

## FACTS

5. From approximately August 2001 through approximately October 1, 2007, the Plaintiff, Wasfi Shuaib (hereafter "Plaintiff"), was employed as clerk in the gift shop owned and operated by the Defendant, Maywood Park Trotting Association, Inc. (hereafter "Defendant") at the Maywood Park Racetrack located at 8600 W. North Avenue, Melrose Park, Illinois.

6. During Plaintiff's employment with Defendant, Plaintiff's worked as a clerk in Defendant's gift shop.

7. During his employment with Defendant, Plaintiff would typically work more than forty (40) hours per week. Defendant never compensated Plaintiff at a rate of one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) hours in his individual workweeks.

8. For the at least three years leading up to his discharge, Defendant would deduct hours that Plaintiff worked from his paycheck on a weekly basis and not compensate him for

2

those hours. Defendant claimed that these deductions were made for breaks. However, when Plaintiff worked for Defendant, Plaintiff was not able to take breaks, even for lunch, as Plaintiff was the only employee working in the gift shop.

9. From approximately August 2001 through the end of 2005, Plaintiff received two (2) weeks of paid vacation each year from Defendant. In 2006 and 2007, Defendant failed to pay Plaintiff the two weeks paid vacation time that it owed him.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

10. Plaintiff hereby realleges and incorporates paragraphs 1 through 9.

11. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., for its failure to pay overtime wages to Plaintiff for all hours worked.

12. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. § 216(b) and venue is proper in this judicial district.

13. Plaintiff worked for Defendant as an "employee" of Defendant as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

14. Defendant operates a gift shop within the Maywood Park Racetrack located at 8600 W. North Avenue, Melrose Park, Illinois. Defendant's gift shop and racetrack is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an "enterprise" engaged in commerce or in production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A). Defendant is an "employer" subject to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

3

15. Defendant's annual gross volume of sales made or business done exceeds $500,000 exclusive of excise tax.

16. During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

17. Plaintiff was directed by Defendant to work, and did so work, in excess of forty (40) hours per week.

18. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his normal hourly rate of pay.

19. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) hours in his individual workweeks.

20. Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

21. Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week for the previous three years;

4

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs;

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

22. Plaintiff hereby realleges and incorporates paragraphs 1 through 20 of this Complaint.

23. This Court has supplemental jurisdiction over the matters alleged in this Count pursuant to 28 U.S.C. § 1367.

24. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

25. At all relevant times herein, Defendant was an "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was an "employee" within the meaning of the Act.

26. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

27. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

5

28. Pursuant to 820 ILCS 105/12(a), Plaintiff was entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times the hourly wage for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs;

D. Such other relief as this Court deems just and appropriate.

## COUNT III
### Illinois Wage Payment Collection Act - Unpaid Wages and Vacation Time

29. Plaintiff hereby realleges and incorporates paragraphs 1 through 28 of this Complaint.

30. This Court has supplemental jurisdiction over the matters alleged in this Count pursuant to 28 U.S.C. § 1367.

31. The matters set forth in this Count arise from Defendant's violations of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq.

32. At all times relevant times herein, Defendant was an "employer" as defined in the Illinois Wage Payment Collection Act, 820 ILCS 115/1, et seq., and Plaintiff was an "employee" as defined by the Act.

33. Defendant agreed to compensate Plaintiff for his work at a rate agreed to by the parties.

34. Defendant failed to compensate Plaintiff for all hours he worked for Defendant at the rate agreed to by the parties in violation of the Illinois Wage Payment Collection Act.

35. Defendant violated the Illinois Wage Payment Collection Act by making unlawful deductions from Plaintiff's paychecks and by failing to compensate Plaintiff for all the hours he worked for Defendant at the rate agreed to by the parties.

36. Between 2001 and the end of 2005, during Plaintiff's employment with Defendant, Plaintiff was promised and was given two (2) weeks of paid vacation time each year. It was Defendant's policy to give Plaintiff two weeks paid vacation each year.

37. In 2006 and 2007, Plaintiff was denied two weeks paid vacation time by Defendant. As a result, during 2006 Plaintiff took two weeks vacation but was not paid for this time. In 2007, Plaintiff was not paid for the vacation time to which he was entitled.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Wage Payment Collection Act;

B. Compensation for all vacation time due and owed as provided by the Illinois Wage Payment Collection Act;

C. Prejudgment interest on all back wages and unpaid vacation time as provided under 815 ILCS 205/2;

D. Reasonable attorneys' fees and costs;

E. Such other relief as this Court deems just and appropriate.

7

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL CLAIMS.

Respectfully submitted,

s/ **Robert R. Cohen**
Plaintiff's Attorney

Robert R. Cohen
Matthew D. Lango
Frankel & Cohen
77 W. Washington St., Suite 1720
Chicago, Illinois 60602
(312) 759-9600

Date: March 12, 2008

8

# *EXHIBIT B*

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| CHIEF EXECUTIVE OFFICER<br>MAYWOOD PARK TROTTING ASSOCIATION<br>8600 W. North Avenue<br>Melrose Park, IL 60160 | **Wasfi Shuaib**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>440-2008-03890 |

### NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act   [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act   [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by 25-APR-08 a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by 31-MAR-08 to Mary Manzo, ADR Coordinator, at (312) 353-6180.
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Eileen Sotak,
Enforcement Supervisor
EEOC Representative

Telephone (312) 353-1316

Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

Enclosure(s): [X] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| March 14, 2008 | John P. Rowe,<br>District Director | /s/ |

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA ☐ EEOC | 440-2008-03890 |

and EEOC

State or local Agency, if any

**Name** (Indicate Mr., Ms., Mrs.): Mr. Wasfi Shuaib
**Date of Birth:** 02/23/1954
**Street Address:** 2014 Division St., Apt. 2W
**City, State and ZIP Code:** Melrose Park, IL 60160
**Phone:** (773) 742-2077

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

**Name:** Maywood Park Trotting Association, Inc.
**No. Employees, Members:** 25+
**Phone No. with Area Code:** (708) 343-4600
**Street Address:** 8600 W. North Ave.
**City, State and ZIP Code:** Melrose Park, IL 60160

**DISCRIMINATION BASED ON** (Check appropriate box(es).):
[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: Approx. 2004
Latest: 9/30/2007
[X] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

From approximately August 2001 through approximately September 30, 2007, I was employed as a clerk in the gift owned and operated by Maywood Park Trotting Association, Inc., at the Maywood Park Racetrack located at 8600 W. North Avenue, Melrose Park, Illinois. On or about September 30, 2007, I was discharged by Maywood Park Trotting Association, Inc.

I was qualified for my job and met my employer's legitimate expectations. I was subject to discrimination with respect to my compensation in that Respondent did not pay me overtime, did not pay me for all hours worked, and did not pay me for my vacation time. I was also subject to discrimination with respect to my discharge.

I believe that I was discriminated against based on my race, which is Arab; and my national origin, which is Jordanian, in violation of Title VII the Civil Rights Act of 1964 and in violation of the Civil Rights Act of 1866 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981.

RECEIVED EEOC
MAR 12 2008
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

2-12-08
Date

Charging Party Signature

**NOTARY** – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)